# SUPREME COURT.

## EDWARD WARD agt. GOTLEIB KRUMM.

*Husband and wife — effect of conveyance to, when consideration is paid by the wife.*

Where a conveyance is made of real estate to a husband and wife, both become seized of the entirety, and this, although the wife furnished the consideration for the conveyance ; the evidence being that the wife acquiesced in her husband's seizin, until he was prosecuted for a debt, presumably contracted on the faith of his seizin, the property was held liable for his debt.

*Special Term, November*, 1876.

*Mr. Smythe*, for plaintiff.

*Mr. Wehle*, for defendant.

VAN VORST, *J.* — By force of the conveyance to Gilbert and Catharine Krumm, husband and wife, in 1872, both became seized of the entirety (*Beach* agt. *Hollister*, 3 *Hun R.*, 519 ; *Bolles* agt. *Trust Co.*, 27 *N. J. Eq. R.*, 308).

It is claimed that the whole consideration on the purchase proceeded from the wife, and the evidence justifies the claim, but there was an acquiesence on the part of the wife, in her husband's seizin and estate, under the deed in question, until after the husband was prosecuted, in 1875, for a debt due and owing by him.

Pending that action, the proceedings in which were needlessly delayed by the husband, and before judgment was obtained, the husband conveyed to his daughter, without con-

sideration, his interest in the premises, and she to her mother.

The fact that this conveyance was made at that time, and under the circumstances disclosed, after the title had been allowed to remain undisturbed since 1872, is a circumstance of great suspicion, and gives rise to the just conclusion, that it was made to prevent the plaintiff from collecting his debt out of the husband's interest, real or apparent, in the land.

The whole consideration proceeding from the wife would have justified the taking of the title in her own name exclusively.

But she could let her husband into an interest with herself in the land by a conveyance in form like the present.

The presumption is that she so intended.

It is true that husband and wife testify that the deed was made in that way as a mere form. That it was considered formal only at the time.

But I am not prepared to say that she did not understand that the effect of the deed would be to vest her husband with an interest and estate in the premises.

Her acquiesence in the *status* of affairs, up to her husband's failure to pay his debts, presumably contracted on the faith of his ownership of the property, confirms the view that she was content that he should legally hold such interest, or appear to do so, which, as to creditors contracting on its faith, would be the same thing.

I am of the opinion, therefore, that the plaintiff's judgment should be paid out of this property.

There is no great hardship in this result, as the debt for which the judgment was recovered, was for rent in arrear for premises hired for husband and wife.

They were both present when the hiring was effected, and jointly participated in the negotiation, and the premises were occupied by them jointly with their family. The wife claims that she left the premises before her husband, but I do not consider that fact as changing the result.

There should be judgment for the plaintiff.